First case today, 2013-1476, Triton v. Nintendo. Mr. McDonough? Oh, we have an admission. I'm sorry. Excuse me one second, gentlemen. I forgot. Hello, colleagues. I've moved for the admission of Adam Pivovar, who's a member of the bar and in good standing with the highest court of California. I have knowledge of his credentials and I'm satisfied that he will possess the necessary qualifications. Adam, it's amazing how fast time flies when you're working hard. And when you came to my chambers, there was a lot of promise, you know, and you met those promises. You're a doctor, a scientist, lawyer. I don't know whether to call you licenciado, attorney, doctor. But you really fit all of those titles. And I don't know what the future holds for you. Could it be also professor or judge? Whatever it is. No professor, no judge. Whatever it is, I'm certain that you will continue to earn and bear the markers of the highest professionalism, of excellence, and bring honor to wherever you work. It's been a great pleasure and I really expect greatness from you. Absent objection by Judge Hughes, it's my pleasure to grant the motion. Welcome to our bar. The oath will now be administered. Please rise, raise your right hand. Raise your right hand. Do you solemnly swear or affirm that you will report yourself an attorney and counsel of this court, uprightly and according to law, and that you will support the Constitution of the United States of America? I do. Welcome to the Bar of the United States Court of Appeal for the Federal Circuit. Thank you. You're welcome. Thank you, Judge. Okay. Now, 2013-1476, Triton versus Nintendo. You may proceed. Good morning, your honors. May it please the court that I begin with oral argument? Yes. Thank you. I represent plaintiff, appellant, Triton Technologies of Texas in the current case. Procedurally, there's an appeal from United States District Court of the Western District of Washington where that court issued a claim construction order without oral argument shortly after receiving the case pursuant to a transfer motion. Why don't we jump right in? Tell me where the algorithm is disclosed in the patent for the integration means. Okay. So if you look at the general steps of the algorithm, you would refer to them as sampling, essentially sampling and accumulating. Where do you get that idea from? Where does the specification disclose that the algorithm, which numerically integrates, has two-step sampling and integration? I think that where you get that is by looking at the specification and understanding the knowledge of a placenta, the prior art, and the importance of this particular term to the claim. So your argument is one of skill in the art would understand that the words numerical integration imply a two-step algorithm? Is that your argument? I wouldn't say that they know that it implies a two-step algorithm. I think that in light of their knowledge of looking at the specification and specifically the parts of the specification that we point out in the brief that a skilled artisan would understand to accomplish numerical integration, you would be sampling and accumulating. Did you ask the district court to rule on whether the specification discloses the two steps? We more broadly requested that the district court find sufficient the disclosure of numerical integration. I'm asking whether you argued to the district court to rule on whether the specification discloses the two steps of sampling and accumulating. Did you make that argument? So that argument was not made, but that argument was presented in the form of numeric integration. What we're trying to do is provide more context under the case law of this district to that original position. So when you answered Judge Morris' question about the algorithm, you pointed us to this two-step process, but you didn't argue that two-step process as the algorithm in the court below. That's correct. We argued numeric integration, and we're trying to provide further context. In fact, counsel, isn't most of your argument that you're making today with regard to the indefiniteness of the integrator means limitation, this is a new argument that you're raising. In fact, you raised it in the reply brief. I don't see that you argued below the integrator means limitation that you're asking us to consider now. I'm sorry. Your question is whether we argued the numeric integration at the lower court? Correct. I mean, below you argued suitable programming. Right, right. So I think the agreed-upon structure for both the terms at issue here, the integrator means and processing means, were agreed upon to be essentially a suitably programmed ROM or processor, depending on whether it's the integrator means or the processing means. But I think that… But isn't that – I mean, that argument is foreclosed by our case law. Right. In some cases, let's say you can't just point to a computer and say, do it by normal means. Right. So I agree that that argument is. However, we also made the additional argument at the lower court. If I can pull up the – actually, in the opening brief of the lower court on page 16, we basically – we said that in addition to numeric integration, the processing element computes and applies correction values for the effects of gravity and translational effects. So in terms of the processing means, we disclose the correction for gravity. I think we're talking about integration means right now. Okay, sure. What did you argue below? My understanding is you just argued that integration should be done on a computer using known means. Did you argue anything beyond that? So I think also in the lower court, similarly, we – and I believe it was on the same page, page 16. We pointed to certain parts of the specification that encompassed the numerical integration. And I think that if you look at – But what did those pages of the specification say? Don't they just say known means? So they do say – yes, exactly. That's what I think it is. Right, right. The argument you preserved was integration means the algorithm, to the extent you have one in the specifications, just says do it using known means. Is that all you have? Well, I think that we did point out specific parts of the specification, but yes. Essentially, we're relying on the knowledge of a post-it, which I think is acceptable under this court's case law. What case law is that? So I can point to – I believe it's the decisioning. So I think under ATML, the information storage devices, you're allowed – or in fact, you must consider the knowledge of a post-ita. Also, under – I would say primarily under ATML, the information storage devices. That was your argument below, correct? That was your argument below? Was what? What you just stated. I mean, I think we said that numeric integration was a sufficient disclosure. I don't know that we specifically called out post-ita, but I think under Nintendo's definition of post-ita, that would be considered. Counsel, in multiple places in your brief, you say the examiner explicitly declares that the performance of numerical integration was well-known by a post-ita. Right. You say it, I think, the examiner explicitly stated accomplishing numerical integration required, dah, dah, dah, dah, dah. Yeah. Examiner makes it unquestionable. You say four different places that the examiner explicitly declared something in particular about numerical integration. And yet, when I turn to the appendix that has the portions that you cite of the examiner's comments, the words numerical integration appear nowhere that I can see. Now, you exerted only portions of each document in the appendix. Is there somewhere where the examiner spoke about numerical integration? Because you say the examiner explicitly declares that numerical integration was well-known by a post-ita. Yeah, so – Nowhere in the appendix I can find the examiner explicitly declaring that. So, I think it was referred to in terms of, say, that integration when discussing the Labish patent. But if – Well, wait. So, what the examiner said, the only sentence you pointed to, and if there's something else that maybe you inadvertently failed to point out, that's what I want to know. Right, right. The only sentence you pointed to, the examiner said it would have been obvious to skilled artisans that integration must be performed to acquire velocity and positional data from acceleration data. The fact that integration must be performed under those circumstances is quite different from saying the performance of numerical integration was well-known by a post-ita, isn't it? I mean, aren't there lots of forms of integration, right? There are many different ways you can integrate. Right, in terms of integrating numbers, generally speaking. In terms of integrating data. There's many different ways to integrate this data, isn't there? I mean, one of the arguments you made was we didn't just say integrate. We said numerically integrate, and that implies something more specific, more precise. Right. Right? Right. Well, but the problem is, how can you claim the examiner declared that the process of numerical integration was well-known by a post-ita when he didn't ever talk about numerical integration? So, it's my understanding, if you look at the Labish patent, which I'm actually not sure was included in there, the Labish patent discusses similar concepts and was considered, obviously, prior art. I think that use of the word integration there is the numeric integration that we're talking about. So, I'm supposed to say, when the examiner said it would be obvious to a skilled artisan that integration must be performed, I'm supposed to take that sentence as the same exact thing as the process of numerical integration was well-known by a post-ita. Yeah, I mean, that's what I submit, is that by referring to integration and saying that the Labish patent included it, that it was known in the art. So, the district court determined that when you're referencing numerical integration, that you're claiming an entire class of structure. So, all formulas, all equations dealing with numerical integration, that's what you're claiming? No, no. I think it's more specific than that, and I think that's what we're relying on, on a post-ita. So, if a post-ita has specific knowledge, at least under Nintendo's definition… But you're asking a post-ita to pick amongst all of the numerical integration formulas. So, I guess you're saying that they all work. No, no, no. I don't think we're asking the… Well, let me ask you this question. Is there a numerical integration method or formula that would not work? That would not work? Yes. So, there are several, I think, that are used, forms of numeric integration that are used for estimating positions and using random numbers, which I think that would not work because we're speeding specific data points from… So, I guess that's why we attempted to point to the specification to show the sampling and accumulating steps. I think that the term numeric integration, as used in this patent, and I have to point out that there's no evidence provided by Nintendo, expert or otherwise, that would lead a court to believe that the numeric integration is a set of functions. It was sort of accepted by the district court without question. But there's many ways to achieve numerical integration. Right. There's many different equations and methods of doing that, and you're leaving it up to the post-ita to decide. And what that tells me is that they all work. So, I think maybe that might be where the confusion is. I don't think we're leaving it up to the post-ita to decide. I think that given the post-ita's knowledge and experience in the development of apparatuses and methods for the input of position, attitude, and motion data into a computer, they would understand numeric integration to mean simply sampling the data that's coming in via the input device and accumulating that data. But isn't there still a lot of different ways of sampling and accumulating? It's not just one means of doing that. There's a bunch of different formulas you can plug in to do that, and there's nowhere in the specification that identifies any of those formulas. All it says is use a computer and do integration. Isn't it? So, in terms of the sampling aspect or the accumulating aspect, you want me to address first? Well, I just want to know where in the specification it tells anybody what specific steps that they have to do. It still seems to me like all you're saying is a person of ordinary skill would look at this and they would know what formula to use. But doesn't, I mean, I've read our case law. It specifically says that's not good enough. Right, right, and I think that's why we point this back to some of the citations we provided. But you didn't even make those arguments below. All you said below was, I think you already conceded this, that your argument was that a person of ordinary skill would know what integration means, and they would know to use known methods. Right, right, I think in context of the patent, with the knowledge of a cosita in mind and the prior art. Right, and so I think what we're doing now under Atmel is providing additional context to point out why a cosita would understand the numeric integration of this patent to be simply sampling and accumulating. You're into your rebuttal time. Do you want to save the rest? Yes, please. Mr. Kinkel. Thank you. Please record for cancel for Nintendo. Let me just make a couple of quick points. The court has already identified I think one of the significant issues here, and that's the way this case came up to the district court. The argument below was not whether sampling or accumulating or any of this was the algorithm. What came up from below was the argument that simply saying the words numeric integration was enough for a person of skill in the art to identify an algorithm somewhere in the specification. The district court properly held under aristocrat and that line of cases that that's just simply not enough, and there is no algorithm. This case is not exactly like aristocrat. It goes one step further because aristocrat didn't articulate anything. It just said a processor for programming, and this one says using numerical integration. So it's certainly one step further than aristocrat was because it tells you a precise way of doing the integration, not just all integration, but use numerical integration. Why isn't that enough? Because numerical integration is a function. It's not a structure, and in fact, Triton all the way up. How do we know that? Because Triton says it is, number one, at least three reasons. Triton says it's a function, number one. The inventor conceded that he hadn't disclosed. He was just arguing it's a two-step algorithm. Yes, he's arguing that now, but below, if you look at the claim construction briefs, which you can find in the joint appendix, or the joint claim construction statement, which unfortunately is not in the joint appendix but can be found at the docket 114-2, what you'll see is that Triton defined numerical integration as a function. That's what they told the district court. So now they've changed their mind and want it to be a structure, but it's simply function, and as you pointed out… They don't want it to be a structure. They want it to be an algorithm. They want it to be an algorithm. It's not a structure. That's correct. But why isn't it? So for example, suppose instead of using the words numerical integration, they said use Maxwell's equation. They don't have the actual equation in there, but any electrical engineer would know what the equation is. Would that be good enough if an actual formula like that were presented, not explicitly but rather by reference? No, I don't think it would be. I think it would still be a function. Maxwell's equation is a function. That's how you… Maxwell's equation is an equation. It's actually an equation. How would that not be enough? We've got lots of cases. Judge Newman wrote two of them, Typhoon and El Commerce, I believe, both of which indicate that a formula could be disclosed, and that meets the algorithm requirement. So a particular formula, why isn't that good enough? A particular formula is not implemented. So there are many ways to implement Maxwell's equation in a processor, and that's what we're talking about. We're talking about an algorithm in the sense of steps to perform something because… But he actually had a formula in here. He said use numerical integration and do it as follows with a formula. You're telling me that wouldn't satisfy? Well, I think if the specification described it in the way that you just did, use Maxwell's equation and implement it as follows, then that… No, but the formula, it actually discloses a single formula for numerical integration. Would that be adequate? With no steps at all for performing that? No steps. There's a formula, but I don't understand. Why do you need an articulation in words when you have a mathematical equation? Because there are a number of ways to implement that in a conventional CPU. What we need to do, what the case law says, is we need to take a general purpose processor and we have to… Do you know how many ways there are to integrate or to implement an algorithm? Okay, put your pants on, right? Put one leg in, second leg, jump up in the air and just pull up. Right. Well, I didn't tell you which leg to put in first. Oh, no. Now it's not an algorithm that satisfies 112.6? Well, 112.6 requires there to be some disclosure for this function, some algorithm, some steps for performing this function. But we've said before in our cases that a flow chart is sufficient or even a word description. If that's the case, why not a formula? It's even more detailed than a… Well, a formula is essentially a black box, though. I mean, it tells you what the result is. So, for instance, in the Blackboard case, that's essentially what happened. In Blackboard, there was a black box access control manager that controlled access, and that wasn't enough. Now, it's not a formula, I'll grant you, but a formula… But that's what we're talking about. If we have a formula and a person of ordinary skill knows, if you say use this formula, there may be 10 different ways to use that formula, but there's only 10 different ways. Why doesn't that disclose steps to do it in? Because then the… Haven't we already said that you don't even have to put the formula in? You can just cite to a manual and say, do this by X method, C article. If that article, if that discloses a structure, then why doesn't doing it by Maxwell's formula, which I will admit I have no idea what it is, but I suspect it's a way of doing numerical integration… Sorry. It's not a way of doing numerical integration. I made up a totally different analogy. Sorry. I don't want to take you down the wrong path. That's okay. But clearly, let me ask you a different hypothetical. Sure. Because I think our case law is going against the argument you're making. I think particularly when it says you can just cite a physics textbook or something and say CX to do these steps. If that's the case, then if you have something like numeric integration where a person of ordinary skill would know, if you say do this, there are only five ways of doing this. There could be thousands. I don't know. But if you only, if you use that term and it meant only five ways, different steps or ways of doing it, why wouldn't that be good enough? Because there's no identification of the ways in which… But there's only five ways. So a person of ordinary skill, and again, this is hypothetical. It's not on the facts of this case. But if you say do X and there may be five different ways of doing that, that's a pretty bounded set. It discloses structure. It may be doing it by five different algorithms, but it's still algorithms. You admit that if I would think that you wrote do X by these five different algorithms, that would be good enough, right? I would agree with that. So if somebody of ordinary skill would know, say, do X, that it would have to be done by the five different algorithms, why isn't that good enough? Well, if that were the case, if the words… Let me draw an analogy to the case that you're describing with the textbook. If the words numerical integration identified some bounded set of actual algorithmic steps to perform some method, then if Triton had identified numerical integration as the structure, then there might be some dispute about that. But there's two problems with the theory. First, numerical integration doesn't… The words numerical integration don't identify any fixed set of particular ways of doing this. It identifies any method of integration. It describes a method of measurement, doesn't it? It describes a method of measurement, or to use Triton's words, this is what Triton said at page 18 of its opening brief. All methods, so there's more than one, of practically accomplishing numeric integration include solutions that entail time-specific snapshots of how the characteristic of a signal changes over time. So was there any evidence or did you argue below that there's one type of numerical integration, one formula that would not work here? Because numeric integration wasn't an issue below. Because recall, when the case was in the district court, Triton's position was, we don't need an algorithm. You don't need an algorithm. Then let me ask you, let's say that we're looking at numerical integration, that's a whole class of way of measuring data, and the court said as much. If there's one way using numerical integration, one type of equation or formula that did not work, what would that do to the claim? Well, I think that's exactly why it needs to be spelled out, right? To answer Judge Hughes' earlier question. He is allowed to claim the entire universe of numerical integration if they all work, correct? Well, I don't think so, not in a 112-6 context. I think he has to say what he's claiming. Why not? I mean, if he wanted to go through and say, do integration by these methods, and he says there are 100 different methods, I put every single different one step-by-step in the specification, that's going to solve 112-6, isn't it? That would solve 112-6. Well, so that contradicts what you just said, didn't it? That he can claim every single method of doing it. No. If he writes them out. I mean, see, this is what I don't understand is, and what I'm troubled with about this is, how specific do you have to be to describe a bounded set? Isn't saying, do numeric integration by no means that an ordinary person or person of ordinary skill would understand, why isn't that identifying a bounded set the same way, do integration by these 100 different means? I think there's a couple of different things going on. When the court's law folds into two different groups, there's two different approaches to these cases. There's the cases where a patentee identifies some structure as perhaps an algorithm or some other structure for some other kind of patent. And there's a dispute over whether that particular identified structure is sufficient disclosure. And in those cases, there's expert testimony sometimes, and there's other discussions, factual developments that go on, to identify whether that specific element or structure is specifically identified for purposes of 112-6. Then there's another group of cases that's kind of characterized by the aristocrat line of cases, where there is no structure at all, aristocrat or blackboard or net money, any of those three cases, where there is no structure identified at all. And in those cases, one doesn't look to expert testimony to fill the gaps.  So expert testimony is marginally relevant, but it can be relevant, but it's not a primacy. It's the intrinsic record in that case. So I think where this case falls is much closer to the case where there's no structure identified at all. And as a result, there's no question about whether this is specifically disclosed enough. There wasn't any structure identified below. There wasn't an algorithm identified below. So your position would be then, and I understand this isn't the case, if what the specification said was do X by no means, and there were only two ways of doing X, that still wouldn't be good enough? Well, it depends on the specifics of the disclosure. I think that's all the disclosure is. It says do X by no means, a person of ordinary skill would know there's only two ways of doing this. I don't think that you can bring in, if we're only identifying what's in the specification, because remember, again, this is 112.6, and we're not talking about enabling. We're not talking about enabling a person's skill in the art to do whatever it is that the specification is calling for. What we're talking about is disclosure under 112.6. And if you haven't identified your specific structures, I don't think that it's... In your view, we shouldn't consider at all what a person of ordinary skill should know when talking about 112.6? We have to start with what's disclosed in the specification. Is that yes or no? Well, it's neither yes nor no, because I think you have to look at it in the context of the case. If there's a structure that's been identified as a potential structure supporting this 112.6, then the case law would suggest that you should. When you keep saying structure, if we're talking about these kind of things, it can just be steps. It can be an algorithm. Yes. And I think I don't understand what your definition of that is. If it isn't saying do something by these known means, and there's only two means that have different steps, isn't that disclosing an algorithm? I don't think it is. You don't think the word known means can be disclosing an algorithm? What if it says do X by this known mean? Again, I don't think the known means... What if there's only one known mean? The specification says do X by this known method. And that method is known to everybody in the art to have five different steps. They're the same every time. Isn't that good enough? That would certainly be closer to being good enough, yes. It has to be good enough. What do you mean closer? You're missing the import of Judge Hughes's questions. He's saying to what extent at all does one of skill in the art matter in this analysis, and shouldn't your answer to him be it matters to interpret what is disclosed, but it can't be used to fill in for a lack of disclosure. So if Judge Hughes's example was such, I don't see how you... Why are you fighting him on a dog you don't have to win a race with? You're taking such an extreme position that you're turning the panel against you here, and you need to listen to the questions and give where you need to give because it doesn't matter to your case. Don't take a position that's completely unreasonable. I mean for you to say no to Judge Hughes quite frankly is unreasonable in that circumstance. Well, with respect, I was trying to make the distinction between those two lines of cases, and to the extent that I misunderstood your question, I apologize. I was making the distinction between the aristocrat line of cases that I think your point was directed at, but I see that I'm into my time. Why don't we let Mr. McDonough have his rebuttal time. So in response to some of the arguments that came out, I think the crux of the matter with respect to integrated means essentially is one of a concept of what level of abstraction you have to disclose. And what Triton is proposing, and what we believe is supported in the case law, is that you can use the knowledge of a posita to supplement the disclosure in a specification. I think that's what happened in Typhoon. But the problem is you only have attorney argument for the knowledge of a posita to supplement the record here. You didn't actually introduce any testimony at all at any stage in the process as to what a posita would think the words numerical integration apply. Your argument is quite good that numerical integration is a known two-step algorithm, and what a skill in the art would know to apply it. The problem is that your argument, and it isn't record evidence, that tells me what one of skill in the art would know the words numerical integration mean. I understand. So I think what comes into play there is the evidentiary presumption. So I think Pat is entitled to… Right, right, right. So I understand, but I think what happened at the lower court, I don't think that they gave the patent its presumption of validity by clear and convincing evidence. In fact, there was no evidence provided for the counterposition by Nintendo. Nintendo could have, in fact, provided expert declaration or anything, but it didn't. So we have two essentially attorney arguments. In regard, it's just not your burden to show that numerical integration is not enough to a posita, correct? Right, I think so, especially using Nintendo's own definition of posita, which is very… All I'm having is that I don't see that you made these arguments below, and I don't see that you really come strong and clear on this position other than in your reply brief. Well, I think we did. So I think if you look at what the court did, the lower court specifically found, we think incorrectly, that numerical integration is a set of functions to accomplish, you know, basically integrating numbers. Now, so I think… Doesn't that hurt you because isn't that statement directly contrary to what you're arguing in the reply brief? No, for sure. It is definitely contrary too, and I'm not sure where the court or by what evidence the court found that. I think that if you look at, again, toward the specification and the knowledge of a posita, I think you end up seeing that at the lower court we did argue numerical integration. The lower court said that because they were responding to, they were looking for corresponding structure. Right. But it wasn't with respect to the claim construction as that being the algorithm. Right, well… They didn't argue below that the algorithm was the numerical integration. So I think that nobody explicitly said it, but I think that's what the entire argument… Nobody explicitly said it. Well, the court said it. Didn't you waive it? Well, no, no. So I think the court specifically said it. I mean the court said numeric integration, it basically recognized that it is an algorithm, but a set of algorithms which we disagree with in context of the specification. So I think that when we did argue that numeric integration is an algorithm, the court saw that. Certainly, Nintendo was certainly trying to argue that an algorithm, that the particular algorithm of numeric integration was a set of algorithms, not a specific single algorithm. And I think the court came down their way, which we think was incorrect. Okay, I thank both counsel for their argument. This case is taken under submission. Thank you. And that's the case on our docket.